UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ZAHID N. QURAISHI**<br>UNITED STATES DISTRICT JUDGE | **U.S. COURTHOUSE**<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

November 13, 2025

## LETTER ORDER

Re:   United States Liability Insurance Co. v. Pasquale Marago, *et al.*
       Civil Action No. 22-1913 (ZNQ)(RLS)

Dear Parties:

This matter comes before the Court upon a Report and Recommendation ("Recommendation", ECF No. 31) filed by the Honorable Rukhsanah Singh, U.S.M.J., recommending that the undersigned grant the Motion to Enforce the Settlement Agreement filed by Plaintiff United States Liability Insurance Company ("Plaintiff") (ECF No. 30). Defendants Pasquale Marago and Four Sisters Pizza LLC (collectively, "Defendants") have not opposed the Motion or objected to the Recommendation.

The relevant facts are straightforward. On November 30, 2023, Magistrate Judge Singh conducted a settlement conference, during which the parties reached an agreement in principle. (*See* ECF No. 26.) The terms of the agreement were placed on the record and included a resolution of this matter for the amount of $45,000.000 to be paid by Defendant Pasquale Marago ("Marago") via cash or a cashier's check by December 29, 2023. Based on that deadline, the Court ordered the parties to update the Court of the status of that payment by no later than January 4, 2024. (ECF No. 27). On January 2, 2024, Marago requested an extension of the deadline to fund the settlement. Plaintiff's counsel agreed Marago would have until January 15, 2024. Marago, however, failed to make the payment by the January 15, 2024 deadline.

With leave of Court, Plaintiff filed its Motion to Enforce the Settlement Agreement on January 30, 2024. (ECF No. 30.) Defendants filed no opposition. Judge Singh considered the Motion and filed the Recommendation that recommended the Motion be granted. (ECF No. 31.) Defendants filed no objection to the Recommendation.

After a preliminary review of the record, the undersigned found it was unclear whether the Court had subject matter jurisdiction. (ECF No. 32.) The Court therefore denied the Motion to Enforce without prejudice, with instructions to Plaintiff to renew its Motion with supplemental information establishing the Court's diversity jurisdiction. *Id*. As instructed, Plaintiff filed a second Motion to Enforce that is now

pending.¹ (ECF No. 33.)  Again, Defendants have not opposed the original Motion to Enforce, have not objected to the Recommendation, and have not opposed the second Motion to Enforce.

Generally, when magistrate judges address dispositive motions, including motions to enforce a settlement, they submit a report and recommendation to the district court.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2).  Where, as here, no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation.  Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give "some level of review" to a report and recommendation by a magistrate judge).  The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation.  28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3).  Only if the district court adopts a report and recommendation does it have the force of law.  *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

The undersigned has reviewed Plaintiff's submissions in each of the unopposed Motions to Enforce together with the Recommendation issued by Judge Singh.  The undersigned finds no error in Judge Singh's concise and well-reasoned Recommendation.  Accordingly, for the same reasons stated in the Recommendation,

**IT IS** on this **13th** day of **November 2025**,

**ORDERED** that the Court hereby **ADOPTS** the Report and Recommendation issued by Judge Singh (ECF No. 31); it is further

**ORDERED** that the Motion to Enforce (ECF No. 33) is hereby **GRANTED**; it is further

**ORDERED** that a **JUDGMENT** will be entered for Plaintiff and against Defendants Pasquale Marago, Esq., and Four Sisters Pizza LLC (jointly and severally) and for $45,000.00 (Forty-Five Thousand Dollars) plus $1,620.00 representing the costs and attorney's fees incurred by the Plaintiff to enforce the parties' settlement agreement.  The Total Judgment of $46,620.00 shall be paid via cash or cashier's check by no later than **Monday, November 24, 2025**; it is further

**ORDERED** that the Judgment will include a provision that, in the event Defendants Pasquale Marago, Esq., and Four Sisters Pizza LLC fail to pay the $46,620.00 by **November 24, 2025**, an additional penalty of $50.00 per day will accrue until the $46,620.00 is paid in full; it is further

**ORDERED** that the Court shall retain jurisdiction over this matter solely for the purposes of enforcement; and it is further

**ORDERED** that the Clerk's Office is hereby instructed to mark this matter **CLOSED**.

> ZAHID N. QURAISHI
> **UNITED STATES DISTRICT JUDGE**

---

[1] Given that this matter was never dismissed as a result of the parties' settlement agreement and remains an active lawsuit, the Court continues to exercise subject matter jurisdiction based on the Complaint.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (holding that district court's enforcement of a settlement agreement in a *dismissed* suit requires its own basis for jurisdiction).  The Complaint alleges diversity jurisdiction.  Based on the affidavit of Guillermo Sylianteng, Esq., submitted by Plaintiff with its Motion that sets forth the citizenship of the parties, the Court is satisfied that the parties are diverse and that the Court has diversity jurisdiction over this matter.  (ECF No. 22 at 5–8.)